```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                                            :
MICHAEL DUKE REEVES, DREAMDUKE                              :
ENTERPRISE, LLC,                                            :
                                                            :
                        Plaintiffs,                         :     19-CV-10210 (VSB)
                                                            :
            - against -                                     :         ORDER
                                                            :
                                                            :
SAFEGUARD PROPERTIES                                        :
MANAGEMENT, LLC, et al.,                                    :
                                                            :
                        Defendants.                         :
                                                            :
------------------------------------------------------------X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 1/5/2021

VERNON S. BRODERICK, United States District Judge:

On October 31, 2019, pro se Plaintiff Michael Duke Reeves ("Reeves") and Dreamduke Enterprise, LLC ("Dreamduke") filed this action against Defendants Safeguard Properties Management, LLC ("Safeguard"), Robert Klein, Alan Jaffa, Tim Rath, Bank of America, The Bank of New York, Wells Fargo, Caliber Home Loans, Sue Barone, U.S. Bank Trust, and Bank of New York Mellon Corporation. (Doc. 2.) Plaintiffs also filed an "Evidentiary Submission in Support of Civil Complaint against Safeguard Properties Management, LLC," which I construe to be an addendum to the Complaint. (Doc. 4.) Included in this supplementary submission is Dreamduke's certificate of incorporation, which reveals that it is a limited liability company formed by Plaintiff Reeves, (Doc. 4-1, at 1–3), and a document from the Ohio Secretary of State listing Safeguard as a "foreign limited liability company" with a registered agent, Corporation Service Company, located in Columbus, Ohio, (*id*., at 6). Plaintiffs allege that Dreamduke entered into a contract with Safeguard to provide property preservation services to foreclosed properties in New York and New Jersey, and that Safeguard failed to adequately pay Dreamduke

for its services.  (Doc. 2, at ¶¶ 19, 32, 40, 41, 54; *see also* Doc. 4-1, at 67–79.)

On June 23, 2020, I issued an Order directing Plaintiffs to "submit a letter of no more than three (3) pages, supported by legal authority, demonstrating good cause as to why this case should not be dismissed pursuant to Federal Rule of Civil Procedure 4(m)."  (Doc. 7.)  On August 18, 2020, as Plaintiffs had not responded to my Order, I dismissed this action due to Plaintiffs' failure to prosecute this case.  (Doc. 13.)  On August 31, 2020, Plaintiff Reeves filed a letter apparently in response to my June 23 Order attempting to show good cause as to why the Complaint should not be dismissed, (Doc. 14), and on December 18, 2020, Plaintiff Reeves filed the instant motion for reconsideration requesting that I reopen the case.  (Doc. 15.)[1]  Because, notwithstanding the arguments for reconsideration outlined in the instant motion, Plaintiffs' Complaint suffers from a number of deficiencies not addressed in the letters filed by Plaintiff Reeves on August 31 and December 18, Plaintiffs are directed to file a letter demonstrating why this case should not be dismissed on the basis discussed below.

Plaintiff Reeves requests that I reconsider my dismissal of this action.  First, Plaintiff argues that he was "wrongly advi[sed]" by the pro se intake unit to wait until he had "received an order from the judge" before executing service.  (Doc. 15, at ¶ 1.)  He also avers that the pro se intake unit informed him that they would take responsibility for completing service.  (*Id.*)  Plaintiff also attests that he has proceeded to complete service upon all Defendants in the case.  (*Id.*, ¶¶ 2, 5.)  Second, Plaintiff pleads that he was involved in an automobile accident on May

---

[1] Local Rule 6.3 provides that "[u]nless otherwise provided by the Court or by statute or rule (such as Fed. R. Civ. P. 50, 52, and 59), a notice of motion for reconsideration or reargument of a court order determining a motion shall be served within fourteen (14) days after the entry of the Court's determination of the original motion, or in the case of a court order resulting in a judgment, within fourteen (14) days after the entry of the judgment."  As Plaintiff's August 31, 2020 letter requesting that I reconsider dismissal of this action was filed within fourteen days of my August 18, 2020 Order dismissing this action, I will consider Plaintiff's August 31, 2020 letter and December 18, 2020 letter motion in tandem as a motion for reconsideration timely filed under Local Rule 6.3.  (Docs. 14, 15.)

23, 2020, and has been dealing with medical hardship, including two major surgeries, one of which was rescheduled more than five times.  (*Id.*, ¶ 7.)  Plaintiff attaches a copy of the scheduling notice for one of his surgical procedures.  (*Id.*, Ex. 3.)  While I am sympathetic to the circumstances that may have led to Plaintiffs' delay in responding to my June 23, 2020 Order, there are two potentially fatal defects in Plaintiffs' Complaint that must be addressed and remedied before I can assess Plaintiff Reeves' instant motion for reconsideration.

As an initial matter, Plaintiff Reeves brings this action on behalf of himself and the limited liability company he organized, Dreamduke.  However, a limited liability company may appear in federal court "only through a licensed attorney."  *Lattanzio v. COMTA*, 481 F.3d 137, 140 (2d Cir. 2007).  Accordingly, a court will deny a pro se plaintiff's action on behalf of a limited liability company without prejudice to renewal after the plaintiff "obtains a licensed attorney to represent it."  *Id*.  As Plaintiff Reeves is not a licensed attorney, he cannot bring this action pro se on behalf of Dreamduke.  Accordingly, that entity must be dismissed from this action unless Plaintiff finds counsel to represent it.

Furthermore, Plaintiffs have yet to establish that this action should not be dismissed in favor of arbitration.  The Master Services Agreement between Dreamduke and Safeguard states, in relevant part, that

> Contractor and Safeguard agree that arbitration shall be the exclusive, final, and binding means for resolving any dispute between Safeguard and contractor (including its Personnel) that is related to any of the subjects in this Agreement, the Services, any Work Order, any matter related to the relationship between Safeguard and Contractor, or any dealings between Safeguard and Contractor (including Contractor's Personnel) that cannot be resolved internally between the parties . . . Arbitration shall be conducted under the Commercial Dispute Resolution Rules of the American Arbitration Association ("AAA"), as amended, except as modified in this clause or by subsequent agreement of the parties. The parties agree to the applicability of the Federal Arbitration Act ("FAA") and herby waive any argument that the FAA is not applicable. . . . . The arbitration shall take place in Cuyahoga County, Ohio, before a single neutral arbitrator who shall be a lawyer.

(Doc. 4-1, at 76–77, ¶ 32.)  The Agreement also contains a choice-of-law and forum-selection provision that states that, except as provided by the arbitration provision, the Agreement is governed by the laws of the State of Ohio.  (*Id.*, at ¶ 31.)

The FAA provides that written agreements to arbitrate disputes "shall be valid, irrevocable, and enforceable," and requires a district court to stay an action to resolve a dispute subject to an arbitration agreement if a party requests as such.  *Orange Cty. Choppers, Inc. v. Goen Techs. Corp.*, 374 F. Supp. 2d 372, 373 (S.D.N.Y. 2005) (citing 9 U.S.C. §§ 2, 3); *see also Nicosia v. Amazon.com, Inc.*, 834 F.3d 220, 231 (2d Cir. 2016) ("[W]hen it is apparent—on the face of the complaint and documents properly incorporated therein—that claims are subject to arbitration, a district court may dismiss in favor of arbitration without the delay of discovery."). Furthermore, "a broad arbitration clause creates a presumption of arbitrability which can be overcome only if it may be said 'with positive assurance' that the arbitration clause is not susceptible to the interpretation that it covers the asserted dispute."  *Orange Cty.*, 374 F. Supp. 2d at 374 (citing *Oldroyd v. Elmira Sav. Bank*, FSB, 134 F.3d 72, 76 (2d Cir. 1998)).

Here, the arbitration clause purports to apply to "any dispute between [the parties] that is related to any of the subjects in this Agreement, the Services" or "any matter related to the relationship between Safeguard and Contractor," making it precisely the type of sweeping clause mandating a presumption of arbitrability.  *See e.g.*, *Collins & Aikman Prod. Co. v. Bldg. Sys., Inc.*, 58 F.3d 16, 20 (2d Cir. 1995) (holding that a clause "submitting to arbitration '[a]ny claim or controversy arising out of or relating to th[e] agreement,' is the paradigm of a broad clause"). In their motion to dismiss Plaintiffs' Complaint, Defendants Safeguard, Robert Klein, Allan Jaffa, and Tim Rath urged the Court to enforce the arbitration clause and dismiss Plaintiffs'

4

Complaint. (Doc. 11, ¶¶ 71–73.)[2]  In contrast, Plaintiffs aver in their Complaint that the Agreement as a whole is unconscionable, and that the arbitration clause is unfair and invalid. (Doc. 2, at ¶¶ 142, 144, 146.)  However, Plaintiffs have not provided any supporting evidence disputing the enforceability of the arbitration agreement or otherwise rebutting the presumption of arbitrability.  Accordingly, it is hereby:

ORDERED that, by on or before January 20, 2021, in light of the above discussion, Plaintiff Reeves shall submit a letter demonstrating why this case should not be dismissed in favor of arbitration, or due to lack of legal representation for Plaintiff Safeguard.  Plaintiff Reeves should state in this letter whether and by which date he intends to seek counsel to represent Dreamduke.  If Plaintiff fails to do so, I may stay this action in favor of arbitration and/or dismiss the case for failure to comply with this order pursuant to Federal Rule of Civil Procedure 41(b).

The Clerk of Court is also respectfully directed to mail a copy of this Order to pro se Plaintiff.

SO ORDERED.

Dated: January 5, 2021
    New York, New York

Vernon S. Broderick
United States District Judge

---

[2] Defendants filed various motions to dismiss on August 3, 2020. (Docs. 9. 10, 11, 12.)  In my August 18, 2020 Order, I directed the Clerk's Office to terminate Defendants' motions to dismiss as moot in light of my dismissal of Plaintiffs' Complaint. (Doc. 13.)  In the event that I grant Plaintiff Reeves' motion for reconsideration, Defendants are entitled to refile their motions to dismiss and renew the arguments raised therein.

5